UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Case No.: 26-cv-20223-CIV-DAMIAN

LAWRENCE GUST,

Plaintiff,

v.

ROYAL CARIBBEAN CRUISES LTD., and
DOLPHIN DISCOVERY LIMITED

Defendants.
_____________________________________/

**DECLARATION OF ANEL LOPEZ IN SUPPORT OF DFENDANT DOLPHIN DISCOVERY LTD.'S MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT**

I, Anel Lopez, make this declaration based upon my own personal knowledge and business records of Defendant, DOLPHIN DISCOVERY LTD. (hereinafter "DOLPHIN DISCOVERY"), and attest to the trust of the facts that are stated herein.

**GENERAL DECLARATIONS**

1. I am over twenty-one years of age and in all respects qualified to make this Declaration.

2. At all times relevant, I have been the General Manager of DOLPHIN DISCOVERY, a defendant in the above-captioned case, and I am authorized to make this Declaration on its behalf.

3. I am one of the officers and/or directors of DOLPHIN DISCOVERY.

4. I have personal knowledge concerning the activities and daily operations of DOLPHIN DISCOVERY.

5. The matters set forth in this Declaration are true and correct and based on my personal knowledge and DOLPHIN DISCOVERY's business records.

**BACKGROUND DECLARATIONS**

6. Generally speaking, DOLPHIN DISCOVERY operates marine mammal experiences as shore excursions for cruise ship passengers in the St. Kitts and Nevis.

7. Generally, a shore excursion agreement governs the terms and conditions of the business relationship between the cruise line owner or operator, in this case Defendant ROYAL CARIBBEAN CRUISES LTD., ("ROYAL CARIBBEAN"), and DOLPHIN DISCOVERY.

8. DOLPHIN DISCOVERY is and always remains an independent contractor of ROYAL CARIBBEAN *vis-a-vis* the shore excursions.

**JURISDICTIONAL DECLARATION**

9. DOLPHIN DISCOVERY is a private corporation registered and existing under the laws of the St. Kitts and Nevis. DOLPHIN DISCOVERY maintains its principal place of business at the Bird Rock Beach Hotel in Basseterre, St. Kitts and Nevis.

10. No DOLPHIN DISCOVERY officers or directors reside, or are domiciled, in Florida.

11. DOLPHIN DISCOVERY has no employees residing in Florida to act on its behalf with respect to direct marketing, distributing, or servicing any of DOLPHIN DISCOVERY's services, nor has it contracted with any persons or entities residing in Florida to accept service of process on behalf of DOLPHIN DISCOVERY.

12. DOLPHIN DISCOVERY is not incorporated in the State of Florida, and it has never been licensed or qualified to do business in the State of Florida. DOLPHIN DISCOVERY has no subsidiaries incorporated or qualified to do business in Florida and does not intend to do so.

13. DOLPHIN DISCOVERY is not incorporated in any State or territory of the United States. DOLPHIN DISCOVERY has no subsidiaries incorporated or qualified to do business anywhere in the United States and does not intend to do so.

14. DOLPHIN DISCOVERY has never maintained any place of business within the State of Florida and is not a resident of the State of Florida.

15. DOLPHIN DISCOVERY has never maintained any place of business in the United States and is not a resident of any State or territory in the United States.

16. DOLPHIN DISCOVERY has never maintained any employees within the State of Florida.

17. DOLPHIN DISCOVERY has never had a branch office or comparable facilities in the State of Florida or elsewhere in the United States.

18. DOLPHIN DISCOVERY has never used, owned, leased, mortgaged, or had any other lien or interest in real or personal property within the State of Florida, or elsewhere in the United States, and has never paid any taxes to the State of Florida or to any other State or territory in the United States.

19. DOLPHIN DISCOVERY does not own and never has owned any real, personal, or intangible property in Florida or elsewhere in the United States.

20. DOLPHIN DISCOVERY has never had a registered agent in the State of Florida or elsewhere in the United States.

21. DOLPHIN DISCOVERY's business operations are and always have been limited to the St. Kitts and Nevis.

22. DOLPHIN DISCOVERY has never operated a tour in the State of Florida or elsewhere in the United States.

23. DOLPHIN DISCOVERY has never engaged in substantial and not isolated activities in the State of Florida or elsewhere in the United States.

24. DOLPHIN DISCOVERY has never operated, conducted, engaged in or carried on a business venture, or had an office or agency in Florida or elsewhere in the United States.

25. DOLPHIN DISCOVERY has never operated vessels in the waters of the State of Florida or elsewhere in the United States.

26. Pursuant to its agreement with ROYAL CARIBBEAN, DOLPHIN DISCOVERY is permitted to offer certain shore excursions for booking exclusively to cruise passengers through cruise-line platforms. Although DOLPHIN DISCOVERY maintains a website, bookings for cruise-line excursions are limited to cruise passengers, and individuals are required to confirm that they are sailing on a cruise. DOLPHIN DISCOVERY is contractually prohibited from selling those same excursions to non-cruise passengers; however, DOLPHIN DISCOVERY may separately offer and sell similar excursions to non-cruise passengers.

27. While DOLPHIN DISCOVERY maintains a website over which it cannot control where users access the site, DOLPHIN DISCOVERY has never directly sold any of its excursions in the State of Florida or elsewhere in the United States.

28. DOLPHIN DISCOVERY has never directly marketed or sold tours, including the "The Royal Swim" dolphin experience that Plaintiff Lawrence Gust ("Plaintiff") participated in on January 14, 2025, in Florida or elsewhere in the United States.

29. DOLPHIN DISCOVERY has never breached any contract requiring performance in the State of Florida.

30. At all material times, including the date of the incident alleged in Plaintiff's Complaint, January 14, 2025, the relationship between ROYAL CARIBBEAN and DOLPHIN

DISCOVERY has been exclusively that of an independent contractor. There has never been a principal/agent, joint venture, employer/employee, and/or partnership relationship between DOLPHIN DISCOVERY and ROYAL CARIBBEAN.

31. DOLPHIN DISCOVERY has never had an intention of creating a joint venture with ROYAL CARIBBEAN or any other entity.

32. ROYAL CARIBBEAN does not have the right to control any aspect of DOLPHIN DISCOVERY's operations or vice versa. The control and responsibility of DOLPHINS DISCOVERY's operations remain exclusively with DOLPHIN DISCOVERY.

33. There is no joint proprietary interest between DOLPHIN DISCOVERY and ROYAL CARIBBEAN. ROYAL CARIBBEAN has no proprietary interest in any aspect of DOLPHIN DISCOVERY or vice versa.

34. DOLPHIN DISCOVERY does not share or have the right to share in the profits of ROYAL CARIBBEAN or vice versa.

35. DOLPHIN DISCOVERY does not share or have a duty to share in the losses of ROYAL CARIBBEAN or vice versa.

36. Every single tour that DOLPHIN DISCOVERY has ever offered, including "The Royal Swim" dolphin experience that Plaintiff participated in on January 14, 2025, has been exclusively operated by DOLPHIN DISCOVERY in St. Kitts and Nevis. Neither ROYAL CARIBBEAN, nor any other Florida corporation or company, has ever owned, operated, managed or controlled any aspect of DOLPHIN DISCOVERY or the tours DOLPHIN DISCOVERY offers.

37. ROYAL CARIBBEAN has never been DOLPHIN DISCOVERY's agent.

38. DOLPHIN DISCOVERY's operated "The Royal Swim" dolphin experience in St. Kitts and Nevis on January 14, 2025. DOLPHIN DISCOVERY did not, and has not, conducted

any operations in Florida, Plaintiff's incident and alleged injuries did not occur in Florida, and DOLPHIN DISCOVERY has no connection to the State of Florida.

39. The alleged incident in Plaintiff's Amended Complaint occurred in St. Kitts and Nevis.

Under the penalties of perjury under the laws of the United States of America, I declare that I have read the foregoing Declaration and the facts stated in it are true and correct.

Executed on Tuesday, September 8, 2026

By: ______________________________
Anel Lopez
General Manager
Dolphin Discovery, Ltd.